Dear Mr. Theriot:
Your request asked the following questions with regard to sick leave policy in the Clerk of Court's office.
 1. How are previously accumulated benefits affected by a new policy enacted by the Clerk of Court when taking office?
 2. "Upon termination of employment, is the Clerk's Office required to pay the terminated employee for unused sick leave?"
Sick leave policy for the Clerks of Court is established by their internal rules and general legal principles, not State statutes. Your office policy with regard to sick leave presently states as follows:
Sick Leave
 You are allowed twelve days per year sick leave. After that, pay will be docked. Sick leave can be accumulated up to a maximum of thirty (30) days.
The first question arises out of the following circumstance.
 "When taking office on July 1, 1984 there were some employees who had accumulated sick leave in excess of 30 days.
In general, sick leave is an earned benefit that is part of the employment contract. Its purpose is to provide time off with pay while in the employ of the office. Sick leave earned under a former policy which allowed in excess of 30 day accumulations is a vested right, see Knecht v. Board of Trustees for State Colleges and Universities, 591 So.2d 690 (La. 1991) and cases cited therein. The Knecht case dealt with compensatory time but the legal principles discussed therein apply here. Sick leave is a vested right for its limited purpose, stated above.
Considering the above, it is our opinion that:
Any accumulated sick leave under the former policy would be limited by that policy. If the limit was 30 days then no more can be accrued and if accrued in excess of 30 days in violation of the policy, it may be reduced to 30 days. If unlimited accrual was allowed then the amount standing to the employee's credit on July 1, 1984 shall remain and should be used and reduced in accord with your policy which limits accumulation to 30 days. Employees are governed by the new policy, set forth above, as of its effective date.
Upon termination of employment, the clerk's office is not required to pay the terminated employee for unused sick leave. Sick leave is not severance pay or annual leave, it is compensated time off while sick. In the absence of a policy requiring the payment of accumulated sick leave upon termination in your written rules, which is the case here, it is our opinion that such a payment would be in violation of Article VII, Section 14 of the Louisiana Constitution of 1974 as a prohibited donation of public money to a private entity. If there were such a policy requiring payment of sick leave upon severance then such payment would be allowed. If not required the clerk can not order the payment.
We hope the foregoing has been helpful to your inquiry and remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr